UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SALVADOR ZUNIGA, ET AL, on behalf of themselves
and all others similarly situated

CIVIL ACTION

NUMBER 15-479-JWD-RLB

VERSUS

PACE CONSTRUCTION SERVICES, LLC,
ET AL

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release  (the "Agreement") is entered into by and between Juan Carlos Medina and Juan Ruiz, the remaining named plaintiffs in the above-captioned matter, individually and on behalf of all Opt-In Plaintiffs, and their heirs, personal representatives, assigns, successors, and agents, (collectively referred to as "Plaintiffs"); and (2) Pace Construction Services, LLC, its predecessors, parents, subsidiaries, affiliated organizations, benefit plans, benefit plan administrators, benefit plan fiduciaries, and their respective successors and assigns together with their respective owners, directors, officers, employees, agents, attorneys, representatives, shareholders, and their respective heirs and personal representatives and Tommy Pace (collectively referred to as "Pace") (altogether, the "Parties"). Accordingly, and in exchange for the mutual promises contained herein and for other good and valuable consideration, the receipt of which is expressly acknowledged, the Parties hereto agree to the following:

1.      __Consideration.__ In consideration for signing this Agreement and complying with its terms:

(a).      Pace agrees to pay to Plaintiffs and their counsel a total of One Hundred Fifty Seven Thousand Dollars ($157,000.00).  Each plaintiff will receive the amount outlined below, which shall be paid in accordance with the provisions of this paragraph 1.

|  | TOTAL DUE | Check 1<br>Unpaid OT<br>Wages | Check 2<br>Liquidated<br>Damages |
|---|---|---|---|
| Adolfo Gonzalez | $1,304.63 | $652.31 | $652.31 |
| Alexis Martin | $370.46 | $185.23 | $185.23 |
| Allen Wilkerson | $316.44 | $158.22 | $158.22 |
| Apuleyo Garcia | $4,022.83 | $2,011.41 | $2,011.41 |
| Billy Williams | $61.74 | $30.87 | $30.87 |
| Brandon Cunningham | $943.96 | $471.98 | $471.98 |
| Edward Wright | $5,353.87 | $2,676.94 | $2,676.94 |
| Elioney Cobas | $329.50 | $164.75 | $164.75 |
| Enrique Robles | $660.18 | $330.09 | $330.09 |
| Hilton Moland | $253.80 | $126.90 | $126.90 |

|  | **TOTAL DUE** | **Check 1 Unpaid OT Wages** | **Check 2 Liquidated Damages** |
|---|---|---|---|
| Homer Billings | $2,507.74 | $1,253.87 | $1,253.87 |
| Jeremy Watson | $9,380.26 | $4,690.13 | $4,690.13 |
| John McBride | $245.19 | $122.60 | $122.60 |
| Jorge Valenti | $2,640.72 | $1,320.36 | $1,320.36 |
| Jose Garcia | $660.18 | $330.09 | $330.09 |
| Jose Ruiz | $6,988.45 | $3,494.22 | $3,494.22 |
| Juan Carlos Medina | $5,612.86 | $2,806.43 | $2,806.43 |
| Juan Gonzalez | $2,351.00 | $1,175.50 | $1,175.50 |
| Juan Rodriguez | $7,358.16 | $3,679.08 | $3,679.08 |
| Juan Ruiz | $18,054.93 | $9,027.47 | $9,027.47 |
| Marcus Craig | $154.36 | $77.18 | $77.18 |
| Marvin Becerra | $3,186.02 | $1,593.01 | $1,593.01 |
| Maximilano Valenti | $3,205.91 | $1,602.96 | $1,602.96 |
| Michael Calvaruso | $223.82 | $111.91 | $111.91 |
| Pablo Mariscal | $423.89 | $211.95 | $211.95 |
| Ray Mitchell | $1,410.60 | $705.30 | $705.30 |
| Valentine Jackson | $1,978.46 | $989.23 | $989.23 |

(b).    **Opt-In Plaintiffs with no history of overtime hours worked.** The following opt-in plaintiffs submitted opt-in forms to the Court: (1) Wendy Enamorado, (2) Omar Carcamo, (3) Maynar Carcamo, (4) Noel Lara, and (5) Justin Durand. Neither Pace nor these opt-in plaintiffs have documentation of working overtime hours. Therefore, no portion of the settlement described in paragraph 1(a) shall be allocated to these individuals.

(c).    The total amount payable collectively to the Plaintiffs by Pace will be $80,000. Pace will pay amounts due under this Agreement, as described in paragraph 1(a), and deliver to Plaintiffs' counsel settlement checks made payable to Plaintiffs, in the amounts set forth above. Each Plaintiff and Opt-In Plaintiff receiving payments will each receive two checks: one check for his unpaid wages claim and one check for his claim for liquidated damages (in the amounts allocated above), the amounts together for each Plaintiff, as described in paragraph 1(a), constituting his or his individual "Settlement Sum." The first check constituting settlement of any alleged unpaid overtime wages shall be due within ten (10) calendar days after the Parties file a Joint Notice of Proposed Settlement in the United States District Court for the Middle District of Louisiana and such Court approves this Agreement. The second check constituting settlement of any claim for liquidated damages shall be due 30 days after the date the first check is delivered to Plaintiffs' counsel.

(d).    With respect to the check in settlement of the Plaintiffs' unpaid overtime wages, Pace will withhold all applicable federal, state, and local taxes and any other standard withholdings, and will issue a Form W-2 with respect to the payment. Applicable withholdings

shall consist of all applicable state and federal withholdings, including backup withholdings of twenty-eight (28) percent for federal income tax payable by each plaintiff to the United States Treasury for federal income taxes. Pace will provide Plaintiffs' counsel with proof of the applicable withholdings. Should Pace fail to pay the withheld payments to the appropriate taxing authorities, the withheld amounts shall be paid to each plaintiff from whom such amounts were withheld.  With respect to the payment in settlement of Plaintiffs' claim for liquidated damages, Pace will not withhold any amount from the checks and will issue a Form 1099 with respect to each payment.  Plaintiffs otherwise shall be responsible for their own tax obligations with respect to the Settlement Sum sent to them, and agree that they are not relying on any additional information provided by Pace concerning the tax consequences of payments made under this Agreement.

(e).    Plaintiffs acknowledge and understand that in the event additional portions of any payment made in connection with this settlement are subsequently determined by the Internal Revenue Service, any state tax authority, or any other authority to be taxable income, Plaintiff will be solely and exclusively responsible for the entire amount of such taxes and will timely remit same to such authority.   In the event that Pace is required under law to pay any additional taxes relating to settlement, or related interest, penalties, or fines, as a result of Plaintiffs failure to timely remit such payments, the offending party shall immediately reimburse Pace for the full amount of such payments, and the offending party shall be responsible for reasonable expenses, including legal fees, incurred by Pace in obtaining said reimbursement from him.

(f).    Pace will pay Plaintiffs' counsel, Estes Davis Law, LLC, the sum of $77,000 for attorneys' fees, which shall be paid by charge on Pace Construction's American Express charge card. This amount shall represent full and final payment to all counsel enrolled to represent Plaintiffs in the Litigation (as defined below).  Attorneys' fees shall be paid within 10 calendar days after the Parties file a Joint Notice of Proposed Settlement in the United States District Court for the Middle District of Louisiana and such court approves this Agreement.

**2.    No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the monies and/or benefits specified in paragraph 1(a) above, except for the execution of this Agreement and the fulfillment of the promises contained herein.

**3.    Representations.** Plaintiffs represent and agree that they have a *bona fide* dispute with Pace over whether they are exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.,* ("FLSA") or are otherwise not covered by the FLSA because they are independent contractors, based on the information they have within their personal knowledge and that of Plaintiffs' counsel, including that obtained during their fact investigation and through formal discovery in the case,  *Zuniga, et al.,  v. Pace Construction and Tommy Pace,* Case No.3:15-cv-00479, in the United States District Court for the Middle District of Louisiana, (hereinafter,  the "Litigation"). Plaintiffs further represent and agree that the Agreement settling the *bona fide* dispute arose in the context of and in response to the Litigation and they were represented by Plaintiffs' counsel in settling the Litigation. Finally, Plaintiffs represent and agree that they are not waiving claims to guaranteed substantive rights under the FLSA, but are instead receiving compensation for the disputed overtime wages and potential liquidated damages at issue in the Litigation.

4.    **Release of Claims**. Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, each Plaintiff who filed an opt-in form with the Court releases and forever discharges (i) Tommy Pace and Pace Construction Services, LLC; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Pace Construction Services, LLC; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Pace Releasees"), from any and all claims that were or could have been brought by him or her in the Litigation based on the factual allegations in the Complaint, whether known or unknown, through the date of this Settlement Agreement and Release, regarding any wage and hour claims under federal, state, or local law for hours worked, including such claims under the Fair Labor Standards Act or any state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked, and any other claims for compensation, benefits or other damages arising from or related to the operative facts set forth in the Complaint.

5.    **Acknowledgments and Affirmations.** Plaintiffs affirm that they have not filed, caused to be filed, or presently are a party to any claim against Pace, except those in the Litigation currently pending in the United States District Court for the Middle District of Louisiana.

6.    **Governing Law and Interpretation.** This Agreement shall be governed and interpreted in accordance with the laws of Louisiana. In the event of a breach of any provision of this Settlement Agreement, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and Release and/or seek any damages for breach. The prevailing party in any such action shall be entitled to his/her/its reasonable attorney fees and costs. This agreement is not severable.

7.    **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Pace Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind. This Agreement, and any exhibits thereto, are settlement documents and shall be inadmissible as evidence in any proceeding, except as necessary in any action or proceeding to approve, interpret, or enforce the terms of this Agreement.

8.    **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by the Parties wherein specific reference is made to this Agreement.

9.    **Entire Agreement.** This Agreement sets forth the entire agreement among the Parties hereto, and fully supersedes any prior agreements or understandings among the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Settlement Agreement and Release, except for those expressly set forth in this Settlement Agreement and Release.

10.    **No Prior Assignments.** Plaintiffs represent, covenant, and warrant that they have not directly or indirectly assigned or transferred to any person not a Party to this Agreement any released matter or any right to any payment or other consideration provided pursuant to this

Agreement. Plaintiffs and Opt-in Plaintiffs agree to defend, indemnify, and hold the Pace Releasees harmless from any and all claims based on, in connection with, and or arising out of any such assignment or transfer made, purported, or claimed.

**11.    Captions.** Section or paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extent, or describe the scope of the Agreement or any provision hereof.

**12.    Counterparts.** This Agreement may be executed in one or more counterparts and by facsimile or email. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

**13.    Confidentiality and No Publication**

(a).    Confidentiality: Plaintiffs promise and agree each of them will keep the fact of settlement of the Litigation strictly confidential and that they will not disclose the terms of this Agreement to anyone, except Plaintiffs' counsel, a spouse, and/or tax advisor they consult regarding this Agreement, and only after first securing from them a promise to maintain the fact and terms of settlement strictly confidential. Plaintiffs will not initiate discussion about or mention the Litigation, the Agreement, or the negotiations leading up to the settlement with any third party except that in response to a direct question about the Litigation, they will respond only that the matter has been settled. Plaintiffs understand and agree that this confidentiality provision is of the utmost important to Pace and that it is a material term of this Agreement, and that Pace would not have entered into this Agreement but for Plaintiffs' promises and agreement concerning confidentiality.

(b).    No Publication: Plaintiffs agree not to divulge, communicate, or otherwise disclose, directly or indirectly, to any person or entity, the terms of this Agreement, or the Agreement's negotiation, execution, or implementation. Plaintiffs further agree that they shall not initiate or cause the initiation of any communications concerning the settlement with any media organization, initiation or cause the initiation of any communications concerning the settlement on any social media platform such as Twitter, Linked In, Facebook, and/or respond to or cause a response to be made as to any communications concerning the settlement with any media organization. If Plaintiffs are contacted by a media organization regarding this settlement, they will only state that this matter has settled. Plaintiffs hereby direct their counsel that their counsel abide by the terms of this provision as well.

(c).    Damages for Breach: Plaintiffs understand and agree that if any of them breach any material term of this Agreement, including but not limited to the Confidentiality and No Publication provisions, Pace shall be entitled to recover all damages allowed by law, which may include recovery of all or part of the Settlement Sum, from the breaching plaintiff or opt-in plaintiff. In no event shall Pace's recovery exceed the net amount that the breaching Plaintiff or Opt-in Plaintiff recovered from the Agreement.

(d).    This Settlement Agreement does not prohibit the disclosure of a trade secret (as that term is defined under applicable federal or state law): that (1) is made in confidence to a

Federal, State, or local government official, either directly or indirectly, or to an attorney, where such disclosure is made solely for the purpose of reporting or investigating a suspected violation of law; or (2) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.  Furthermore, nothing in this Settlement Agreement shall prevent Plaintiffs from reporting possible violations of federal law or regulation to an governmental agency or entity, including but not limited to the Department of Justice, the Securities and Exchange Commission, the Congress, and any agency Inspector General, or making other disclosures that are protected under the whistleblower provisions of federal law or regulation. Plaintiffs do not need prior authorization of Pace Construction or Tommy Pace to make any such reports or disclosures and is not required to notify Pace Construction or Tommy Pace that they have made such a report or disclosure.

(e).    Nothing in this Agreement shall prevent Pace Construction or Tommy Pace from disclosing the contents of this Agreement as it deems necessary, including for the purpose of defending against or contesting a claim filed by Plaintiffs with any court or administrative agency.

**14.    Invalid Without Court Approval.** This Agreement is subject to approval by the United States District Court for the Middle District of Louisiana in the Litigation. In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation. In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Settlement Agreement and Release, but the Parties shall be required to request immediate referral to a U.S. Magistrate Judge for a mediation, to address any issues precluding enforcement by the Court.

**15.    Reemployment.** Plaintiffs agree that they will not apply for, seek, or accept employment with Pace for at least one hundred fifty (150) days following the date on their settlement checks, without prior notification and consent from Pace Construction and/or Tommy Pace. If a plaintiff or opt-in plaintiff applies prior to the expiration of that 150-day time frame, and Pace Construction and/or Tommy Pace withhold such consent, plaintiffs and opt-in plaintiffs agree that it will not be a basis for claiming that Pace Construction and/or Tommy Pace wrongfully failed to hire, or consider for hire, any Plaintiff or Opt-in Plaintiff.

**16.    No Signature Required By Putative Collective Action Opt-in Members**.  The filing of their Consent Forms shall be considered an agreement to be bound by any settlement or judgment.  Given the number of putative collective action opt-in members, it is impossible or impractical to have each member execute this Agreement.  By their signatures below, plaintiffs Juan Carlos Medina and Juan Ruiz represent and affirm that they have the authority to sign this Agreement (including all of its terms) on behalf of all putative collective action opt-in members who filed opt-in forms with the Court in the Litigation.

**17.    Severability.** The Parties agree that if any clause or provision of this Settlement Agreement is adjudged to be illegal, invalid, or unenforceable under present or future laws, then the remainder of the Agreement shall not be affected thereby.  Each clause and provision of this Agreement shall be construed as may be possible and reasonable in a manner which will make

the clause or provision legal, valid, and enforceable, and, if not possible, then reformed only to the extent necessary to render the clause, legal, valid, and enforceable.

18.    **Retention of Jurisdiction**.  The Court shall retain exclusive jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**PACE CONSTRUCTION SERVICES, LLC:**

By: _____    Date: _____

    **NAME:** _____

    **TITLE:** _____

**TOMMY PACE**

By:  _____    Date: _____

**JUAN CARLOS MEDINA (on behalf of himself and all putative class members)**

By: _____    Date: _____

**Juan RUIZ (on behalf of himself and all putative class members)**

By:  _____    Date: _____